# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Carlos Dennison, *also known as* Carlos A. Dennison, | Case No. 2:22-cv-01278-RMG |
| Plaintiff, | **ORDER AND OPINION** |
| v. | |
| Alan Wilson, *Attorney General of SC*; Scott Matthews, *A.A.G. Assist. Attorney General*, | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 13) recommending that Plaintiff's amended complaint be dismissed. For the reasons set forth below, the Court adopts the R&R as the order of the order of the Court and dismisses Plaintiff's amended complaint.

## I.  Background

In his amended complaint, (Dkt. No. 10), brought pursuant to 42 U.S.C. § 1983, Plaintiff, proceeding *pro* se, alleges Defendants violated certain constitutional rights of his by acting as attorneys in the appeal of Plaintiff's criminal convictions. (Dkt. No. 13 at 1-2) (explaining Plaintiff was found guilty on two drug charges in state court, sentenced to two concurrent sentences of ten years' imprisonment on July 10, 2019 and that, in September 2021, the Court of Appeals of South Carolina affirmed both narcotics convictions); *State v. Dennison*, No. 2019-001161, 2021 WL 4197722 (S.C. Ct. App. Sept. 15, 2021). Plaintiff seeks actual and punitive damages and release from incarceration. (*Id.* at 2).

On August 23, 2022, pursuant to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, the Magistrate Judge filed an R&R recommending Plaintiff's amended complaint be dismissed. (Dkt. No. 13).

Plaintiff did not file objections to the R&R.

## II.   Legal Standards

### a.   Magistrate's Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made.  Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

### b.   Pro Se Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

    **c. Failure to State a Claim**

Under 28 U.S.C. § 1915A, the Court is required to screen prisoner complaints and must dismiss any complaint, or portions of complaints that are "frivolous, malicious, or fail[ ] to state a claim upon which relief may be granted[,]" or seek relief from a defendant immune from such relief. The same standard applies to complaints filed by a plaintiff proceeding *in forma pauperis*. 28 U.S.C.A. § 1915(e)(2). To state a claim, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing a complaint, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

**III. Discussion**

Because Plaintiff did not file objections to the R&R, the R&R is reviewed for clear error.

After a thorough review of the R&R and the applicable law, the Court adopts the R&R in its entirety and hereby incorporates the R&R by reference. Accordingly, the Court dismisses Plaintiff's amended complaint. As explained in detail in the R&R, even reading Plaintiff's allegations liberally, the amended complaint must be dismissed because "to the extent Plaintiff's claims for monetary damages question the validity of his recent convictions, they are not cognizable under § 1983; Defendants are entitled to prosecutorial immunity; Plaintiff does not have a private cause of action under the criminal statutes he cites and he has not asserted any facts to indicate he has a private right of action under the South Carolina Rules of Professional Conduct;

and this court should not interfere with any of Plaintiff's pending criminal proceedings." (Dkt. No. 19 at 4).

## IV. Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 13) as the order of the Court and dismisses Plaintiff's amended complaint. The Clerk is directed to close this action.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>
United States District Judge

November 15, 2022
Charleston, South Carolina